21-1779-cr
United States v. Bazemore

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand twenty-three.

PRESENT: RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
BETH ROBINSON,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                            No. 21-1779-cr

WILLIAM BAZEMORE, AKA Sealed Defendant 1,

*Defendant-Appellant*.\*

------------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT: BRIAN A. JACOBS (Curtis B. Leitner, *on the brief*), Morvillo Abramowitz Grand Iason & Anello P.C., New York, NY

FOR APPELLEE: DANIELLE R. SASSOON, Assistant United States Attorney (Jacqueline C. Kelly, David Abramowicz, Assistant United States Attorneys, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of conviction entered in the United States District Court for the Southern District of New York (Analisa Torres, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

William Bazemore appeals from a judgment of conviction entered on July 19, 2021 in the United States District Court for the Southern District of New York (Torres, J.), after he pleaded guilty to sex trafficking in violation of 18 U.S.C. §§ 1591(a), (b)(1), and 2. Bazemore was sentenced principally to a within-Guidelines term of 327 months' imprisonment. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

2

## I. Bazemore's Guilty Plea

Bazemore claims that the District Court erred in denying his motion to withdraw his guilty plea. Under Federal Rule of Criminal Procedure 11(d)(2)(B), "[a] defendant may withdraw a plea of guilty after it is accepted, but before sentencing, only if the defendant can show a fair and just reason for requesting the withdrawal." United States v. Rose, 891 F.3d 82, 85 (2d Cir. 2018) (quotation marks omitted). "We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion and any findings of fact in connection with that decision for clear error." United States v. Rivernider, 828 F.3d 91, 104 (2d Cir. 2016) (quotation marks omitted).

Bazemore primarily argues that his plea was not knowing and voluntary because his counsel misled him about whether he could "potentially" argue that a sex trafficking offense under 18 U.S.C. § 1591 is not categorically a crime of violence. Appellant's Br. 27-34. We see things differently. During an evidentiary hearing on Bazemore's plea withdrawal motion, Bazemore's attorneys testified that they advised him that some uncertainty existed about whether certain offenses qualify categorically as crimes of violence in light of United States v. Davis, 139 S. Ct. 2319 (2019). The attorneys also testified that

3

they advised Bazemore that the impact of Davis on his offense of conviction "was an issue that could be raised in the future, although it was unclear when or how it could be raised," and that he "couldn't count on any reversals or any findings that [his offense] was not a violent crime." App'x 125; see id. at 129. The District Court credited the testimony of the attorneys, and Bazemore does not explain why we should disturb that finding. The record thus shows that Bazemore's attorneys advised him that Davis presented "a potential argument that could be made" and otherwise accurately described to Bazemore the terms of his plea agreement, which clearly states that Bazemore's offense is a crime of violence. Id. at 48, 129. Their legal advice was not as Bazemore now characterizes it in support of his claim that his plea was not knowing and voluntary.

Insofar as Bazemore asks us to assign error to the District Court's decision to credit his attorneys' testimony and discredit his conflicting testimony at the evidentiary hearing, we decline to do so. "[S]worn testimony given during a plea colloquy carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea

4

was knowingly and intelligently made." Rivernider, 828 F.3d at 105 (quotation marks omitted). During his plea allocution, Bazemore confirmed that he had read the plea agreement and discussed it with his attorneys before he signed it and that he was "satisfied with their representation of [him]." App'x 54.8, 54.19. He also confirmed that he understood the terms of the agreement, that his attorney's predictions about his sentence could be wrong, that he and the Government had agreed on the "appropriate calculation" of his Guidelines range, that neither he nor the Government could argue for a different Guidelines range, and that the District Court was free to impose a sentence that differed from the one outlined in the agreement. App'x 54.19–54.22. For these reasons, we conclude that Bazemore has not "raised a significant question about the voluntariness of the original plea," id. at 117 (quotation marks omitted), and that his plea was knowing and voluntary. We note that other factors relevant to assessing Bazemore's plea withdrawal motion also weigh against granting the motion to withdraw his plea. For example, Bazemore does not assert his legal innocence, and over ten months elapsed between his guilty plea and his plea withdrawal motion. United States v. Albarran, 943 F.3d 106, 117–18 (2d Cir. 2019).

Bazemore separately argues that he received ineffective assistance of counsel in connection with his plea. See Strickland v. Washington, 466 U.S. 668 (1985)); United States v. Freeman, 17 F.4th 255, 265–66 (2d Cir. 2021). Because Bazemore's attorneys did not provide incorrect legal advice, their performance did not "[fall] below an objective standard of reasonableness." Freeman, 17 F.4th at 265 (quotation marks omitted).

For these reasons, we conclude that the District Court did not abuse its discretion in denying Bazemore's motion to withdraw his guilty plea.

**II. The Virtual Hearing**

Bazemore also insists that the District Court erred by holding the evidentiary hearing by videoconference without his express consent, thereby violating both his constitutional rights and Federal Rule of Criminal Procedure 43(a). As an initial matter, Bazemore acknowledges that he did not object to holding the hearing by videoconference and argues that the District Court committed a structural error, which requires automatic vacatur of the judgment. The argument that any error in holding the hearing virtually is structural is foreclosed by our decision in United States v. Leroux, 36 F.4th 115 (2d Cir. 2022) (applying plain error standard in reviewing a defendant's challenge to the

6

district court's failure to make the requisite CARES Act findings before conducting a sentencing by videoconference where the defendant failed to object to proceeding by videoconference).

"Plain error is (1) error (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Riggi, 541 F.3d 94, 102 (2d Cir. 2008). Bazemore has not established that any error in the District Court's conducting the hearing on his motion to withdraw his guilty plea via videoconference affected his rights or seriously affected the fairness, integrity, or public reputation of judicial proceedings. As noted above, Bazemore never objected to the remote proceeding. He has not suggested that he could not see and hear the proceedings throughout the hearing. He does not contend that the District Court could not see and hear him fully throughout his testimony. And, although he asserts generally that he "appears to have been unable to confer privately with his counsel throughout the hearing," he does not indicate that he sought to communicate any information to his counsel, or that his counsel sought to communicate information to him, in connection with the proceeding. Appellant's Br. 40. Even if the District Court erred in conducting the hearing by

7

videoconference without an express waiver of Bazemore's right to be present—a question we need not resolve—Bazemore cannot demonstrate that any error was sufficiently prejudicial to rise to the level of plain error.

We have considered Bazemore's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court